UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN BILLINGS AIKEN<br><br><br><br>Debtor(s). | CHAPTER 13<br>CASE NO. 18-03592-hb<br><br><br>**SETTLEMENT ORDER<br>ON<br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY** |

This matter comes before the Court on the motion for relief from the automatic stay filed by U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust ("Movant"). The chapter 13 trustee did not object to the motion or has agreed to the settlement. The property serving as collateral which is the subject of the motion is described as follows:

6 Green Bank Lane, Simpsonville, SC 29681

Upon Movant's certification of the agreement of the parties, it is hereby ORDERED:

As of January 14, 2020, Debtor has accrued a post-petition arrearage in the amount of $8,161.52. The post-petition arrearage consists of:

- Payments for the month(s) of September 1, 2019 through January 1, 2020 in the amount of $1,529.29 per month.
- Attorney's fees and costs in the amount of $1,031.00.
- Less Suspense Balance in the amount of $515.93.

Debtor shall continue to remit to Movant the regular post-petition monthly payments beginning February 1, 2020, and continuing thereafter in accordance with the terms of the loan agreement and the chapter 13 plan.

In addition to the regular post-petition monthly payment set forth above, Debtor shall cure the post-petition arrearage of $8,161.52 as follows:

- Pay $906.84 per month beginning February 15, 2020 for eight (8) months.
- Pay final payment of $906.80 by October 15, 2020.
- Movant will credit the suspense balance in the amount of $515.93

Failure to make a payment within 20 days from its due date shall be considered a default under the terms of this settlement order.

Payments shall be paid directly to Movant at:

BSI Financial Services
314 S. Franklin Street, 2nd Floor
Titusville, PA 16354

In the event of a default under the terms of this Order, relief from stay may be provided without further hearing upon the filing of an affidavit of default by Movant and the entry of the proposed order by the Court. Movant may then proceed with its state court remedies against the collateral, including sending any required notice to Debtor(s). This *ex parte* provision shall expire and no longer be effective 12 months from the entry of this order.

Movant has waived any claim arising under 11 U.S.C. § 503(b) or § 507(b) and, in the event relief from the automatic stay is granted due to Debtor(s)' default under the terms of this settlement order, agreed that any funds realized from the disposition of its collateral in excess of all liens, costs, and expenses will be paid to the trustee or bankruptcy estate.

The parties agree that the Fed. R. Bankr. P. 4001(a)(3) stay is
- not applicable to any order granting relief for default on this Settlement Order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**02/05/2020**



Entered: 02/05/2020

US Bankruptcy Judge
District of South Carolina

**WE SO MOVE AND CONSENT:**

/s/ J. Pamela Price
Attorney for Movant
District I.D. 5822

/s/ Robert H. Cooper
Attorney for Debtor
District I.D. 5670

**CERTIFICATION:**
Prior to consenting to this settlement order, the payment obligations set forth in this Order, including the amounts, method, and timing of payments, and consequences of default were reviewed with and agreed to by the Debtor or the party obligated to pay.

/s/ Robert H. Cooper
Attorney for Debtor
District I.D.